UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAMIN SAMAD,<br><br>    Petitioner,<br><br>    v.<br><br>COURT OF APPEAL OF THE STATE OF CALIFORNIA IN THE THIRD APPELLATE DISTRICT, et al.,<br><br>    Respondents. | No. 2:15-cv-2040-WBS-EFB P<br><br>ORDER |

      Petitioner is a state prisoner proceeding without counsel. He seeks a "PETITION FOR PEREMTORY WRIT OF MANDATE" to vacate orders of the state courts and to instruct the state court of appeal to set petitioner's matter for hearing. ECF No. 1. On January 20, 2016, the court dismissed this mandamus action for lack of jurisdiction. ECF No. 9. Judgment was duly entered. ECF No. 10. Petitioner now moves "for correction" pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. ECF No. 11.

      Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the

1

judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Petitioner notes that the order of dismissal mistakenly referred to this action as one for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.  The court acknowledges that mistake and the dismissal order is hereby amended to correct it.  Nonetheless, this court has a continuing obligation to sua sponte inquire into its own jurisdiction.  *FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 230-31 (1990); *Watkins v. Vital Pharmaceuticals, Inc*., 720 F.3d 1179, 1181 (9th Cir. 2013) ("Moreover, it is well established that district courts may address questions of subject matter jurisdiction sua sponte.").  Here, petitioner was afforded the opportunity to object to the magistrate judge's findings and recommendations, and made no showing that the court does in fact have jurisdiction to grant the requested relief.  Moreover, correcting the mistake identified by petitioner does not justify relief from the judgment that was entered, which dismissed the petition for an order of mandamus directed at a California Court of Appeal.[1]

While petitioner's Rule 60(b) motion points out a mistaken reference to his petition as a petition one for habeas corpus (rather mandamus), he has not shown how this court has subject matter jurisdiction to grant mandamus against the state court.  Indeed, "[f]ederal courts are without power to direct state courts or their judicial officers in the performance of their duties." *Sully v. Lungren*, 842 F. Supp. 1230, 1232 (N.D. Cal. 1994) (citing *Demos v. U.S. District Court*, 925 F.2d 1160, 1161–72 (9th Cir. 1991)); *see also Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966).

Accordingly, IT IS HEREBY ORDERED that petitioner's Rule 60(b) motion (ECF No. 11) is granted for the limited purpose of correcting the reference to his petition and is otherwise denied.

Dated:  May 12, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] The dismissal order adopted the underlying findings and recommendations to dismiss the mandamus petition for lack of jurisdiction.  *See* ECF No. 7.

2